Peck, J.
This petition in error is prosecuted by the Ohio Life Insurance and Trust Company; and we are met upon the threshold •of our inquiries, by the fact, deducible from the record, that the decree at general term, complained of, if erroneous, was one in favor of the party who now seeks to reverse it.
The rule is well settled, that, in order to justify the reversal of a judgment or decree, it must appear affirmatively by the record, not only that error has intervened, but also that it was prejudicial to the party seeking to take advantage of it. 6 Ohio St. 294; 9 Ib. 6, and cases cited.
By the original decree of the special term, the sum of $2,121.82 was distributed out of the proceeds of the several sales, to the plaintiff in error, in part payment of its judgment liens. The supplemental decree directed it to refund $633 of that money to J. B. Stallo, and to look to the Goodins for the sum so refunded. The decree of general term reversed this supplemental order, and reinstated the ■original order of distribution; and it is difficult to see why tho plaintiff in error should complain of such a result. It may be that *458 the G-oodins did not obtain a *supersedeas on filing their petition in error, and it may also bo that the plaintiff in error had in fact paid over the money to Stallo before the revising order at general term; but we can not infer either, and much less both of these-facts, from the record before us. These considerations would, doubtless, warrant us in affirming the decree of the general term, as-against the plaintiff in error, without further remark as to the regularity of that decree, or the one it reversed ; but inasmuch as some-of the points relied on by the plaintiff in error are of much practical importance, we have concluded briefly to consider them. The most important of these is, whether the court at special term, upon the record and proof before them, erred in allowing the pro~ rata deduction of $633 from the purchase money paid by J. B. Stallo. The most that the record and proofs established or tended to establish, was, that the sheriff, appraisers-, and purchaser understood and believed that lot No. 3, running to the alley, was thirty, instead of twenty-seven feet front, and that, so believing, it was advertised, appraised, and sold by the feet front. At said special term Stallo claimed, and the court seem to have supposed, that it was to be assimilated to the case of a mere mistake in computation, which could be coi’reeted by mere recomjoutation—multiplying the true number of feet front by the price bid per foot. In this we think there was manifest error. If the lot was wholly unimpi*oved, or if the improvements had been separately estimated, there would have-been some color for the assumption. There were three distinct tenements upon the mortgaged promises, covering the entire ground from alley to alley, and the tract was so subdivided that one of the tenements stood upon each lot. The house upon lot No. 3 extended to the Coleman alley, and was believed to be thirty feet wide, and with reason, for there was that much ground of the premises described in the mortgage lying west of lot No. 2. The appraisers believing thus,and beingupontheground,certifythat,upon actual view of that ^particular lot, they estimated the value of the ground and improvements at $260 per foot front. May it not, with reason, be claimed that they estimated what they viewed as worth thirty times two hundred and sixty dollars ? But, again, the purchaser gets with his twenty seven feet all the improvements which entered into their estimate of the value of the entire lot. How much of this estimate was for the “ ground,” and how much for the “ improvements,” does not appear, and no computation could have ascertained it. For *459 aught we know, the improvements may have been very valuable and entered largely into the estimate, so much so, indeed, as to have-induced the appraisers to increase the rate, had they been advised' of the true width of the lot.
We are aware that the appraisement and terms of sale would bear the construction claimed by the plaintiff in error, that is, an appraisement and sale of the lot at a specified price per foot, and its frontage to be subsequently ascertained; but we also think they may fairly be construed as a valuation of the ground and improvements at thirty times the sum of $260, and as a sale at thirty times-the sum of $211; and we also think the latter construction best suited to the conduct of judicial sales under the statute. Such seems to have been the construction at first put upon it by purchaser and sheriff in this case. There was no previous measurement to-ascertain the frontage of the lot, and no express reservation of a right to do so, before or at the time the money was paid, which was several days prior to filing the motion at special term, one month after the sale. The statute does not contemplate a survey, t«) ascertain the amount of purchase money, before it is demand-able. It is payable immediately, though the sheriff may, for his-own security, retain it until confirmation. Judicial sales should always be certain, and not subject to any future contingencies, so-that all bidders may have equal advantages. All such sales, whether by judgment or decree, are regulated by the same statute, and the power of the courts is very properly limited *to a confirmation or vacation of the sale, as to which they are to exercise a sound, legal discretion, and in which all parties—the plaintiff, the defendant, and the purchaser—may be heard. The power is to confirm or set aside, but not to modify the sale, or its terms. In the exercise of this power, courts may, doubtless, confirm a sale, and at the same time coi’reet any mere error or mistake made in-the computation, where the records and papers furnish all the elements for making the correction; but they are not, while thus acting, invested with general powers to hear testimony in order to-correct mistakes and give effect to the intention of the parties to a sale. The power to confirm or set aside, if properly exercised, will afford ample protection to the parties and to the purchaser, and there, in our judgment, this summary power of the court over the matter should terminate. If, from misapprehension or other cause, the sale ought not to be confirmed, as it was made, the best and *460 -only proper remedy is a resale, with or without a revaluation, as justice may require. Again, the Goodins did in fact own the fee •of thirty feet west of lot No. 2, though three feet of its westernmost side, was subject to the public easement; and it is questionable whether the fee of that three feet, subject to the easement, did not pass to Stallo by the sale, notwithstanding the call of an alley in the description of the lot sold to him. The appropriation for an indefinite period to public uses, might constitute a ground for setting aside the sale at the instance of the purchaser, but none whatever for a reduction of the purchase money. The cases cited by the counsel for the plaintiff in error to the point, that purchasers of real estate under a decree of court, where a mistake is made in the quantity purchased, are entitled to a confirmation of the sale and a reduction for the actual deficiency of ground, do not sustain the position for which they are cited. They are all cases, not of judicial sales, but of contracts for the sale of land, in which the chancery powers of the court were invoked to enforce performance according to the terms of the agreement and the intent of the parties, and for obvious reasons do not apply to judicial sales under the statute.
¥e are therefore of the opinion that the court, at special term, •erred in making the deduction of $633 from the money paid by J. B. Stallo. His relief, if he was entitled to any, was to have the •sale set aside; but this he did not ask, and, from the record, we presume did not desire.
The plaintiff in error also insists that the decree of reversal at general term was erroneous, because Stallo had a legal right to be heard, and was not made a party thereto. All this may be true, and yet the objection, so far as the plaintiff in error is concerned, comes too late. The objection should have been made at the general term by the plaintiff in error or some of the defendants. Having gone to a hearing upon the petition in error, and, so far as the record shows, without objection, the plaintiff in error can not now complain.

Judgment affirmed.

Brinkerhorr, C. J., and Scott, Suture, and Gholson, JJ., cod ■ curred.